NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS EUGENE LANDSIEDEL, | No. 18-35380 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-01421-RAJ |
| v. | |
| SHANE RANSOME, Community Corrections Officer 2, and RICHARD MORGAN, Secretary of Corrections, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 12, 2019**

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Washington state prisoner Nicholas Eugene Landsiedel appeals pro se from

the district court's order denying his 28 U.S.C. § 2254 habeas petition challenging

his conviction for attempted rape of a child in the second degree and

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

communicating with a minor for immoral purposes. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), we affirm.

Landsiedel contends that his trial counsel rendered ineffective assistance by failing to communicate a plea offer extended by the State and to advise him adequately about another plea offer. The Washington Court of Appeals concluded that, even if defense counsel's performance were deficient, Landsiedel failed to demonstrate that he suffered prejudice as a result of the deficient performance. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (to establish prejudice, defendant must show a reasonable probability that he "would have accepted the plea and the prosecution would not have withdrawn it . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed"). The state court's determination was not contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1).

To the extent Landsiedel briefed issues beyond the certificate of appealability ("COA"), we treat his briefing as a request to expand the COA and deny it. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

18-35380

**AFFIRMED.**